UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| DUSTIN[1] FRAZIER, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:24-CV-00118-JRG-CRW |
| JEFF CASSIDY, SULLIVAN COUNTY, TENNESSEE, and CHRISTY FRAZIER, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a prisoner currently housed in the Sullivan County Jail, filed a pro se civil rights complaint under 42 U.S.C. § 1983 [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 4]. For the reasons set forth below, the Court **GRANTS** Plaintiff permission to proceed as a pauper, **DISMISSES** the complaint for failure to state a claim, and **ORDERS** Plaintiff to file an amended complaint if he wishes to pursue this action.

I. **MOTION TO PROCEED *IN FORMA PAUPERIS***

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). A review of Plaintiff's certified inmate trust account record demonstrates that Plaintiff lacks sufficient financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28

---

[1] Plaintiff identifies himself as both "Dustin" and "Dusty" in his complaint [Doc. 1 at 1, 5]. But the Tennessee Department of Correction identifies Plaintiff as "Dustin" in their publicly available online database. *See* Tenn. Dep't of Corr., *Felony Offender Information,* https://foil.app.tn.gov/foil/search.jsp (last visited July 12, 2024) (search by name); *see also Oak Ridge Env't Peace All. v. Perry*, 412 F. Supp. 3d 786, 810 n.6 (E.D. Tenn. 2019) ("Information taken from government websites is self-authenticating under Fed. R. Evid. 902, and courts may accordingly take judicial notice of the information found on these websites." (citations omitted)). Therefore, the Court presumes "Dusty" is a moniker, and the Clerk will be directed to update the docket to correct Plaintiff's name to "Dustin."
Case 2:24-cv-00118-JRG-CRW   Document 6   Filed 07/17/24   Page 1 of 8   PageID #: 26

U.S.C. § 1915, the Court will **GRANT** Plaintiff's application to proceed *in forma pauperis* [Doc. 4].

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee, 37743 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

II.     SCREENING OF COMPLAINT

    A.     Screening Standards

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must establish that a "person" acting "under color of" state law deprived him of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983.

### B. Plaintiff's Allegations

Plaintiff was booked into the Sullivan County Jail on February 1, 2024 [Doc. 1 at 3]. At that time, he informed staff members, including the nursing staff, "of [his] serious need" for his prescribed mental health medications—Seroquel and Wellbutrin [*Id*. at 2, 3–4]. But Plaintiff was taken off both medications, with the explanation that "they do not prescribe" those medications at the Sullivan County Jail [*Id*. at 2, 4]. Instead, Plaintiff was placed on a medication that "makes [him] feel crazy and out of [his] head, even to the point of . . . hurting" himself, so Plaintiff declined to take the medication [*Id*. at 3].

Beginning February 14, 2024, Plaintiff filed grievances and requests "complaining of bad anxiety, chest pains, and mental health problems" [*Id*. at 4]. Even so, and even though a Virginia jail sent Plaintiff's medical records to the Sullivan County Jail showing he had been prescribed

3

Seroquel and Wellbutrin, Plaintiff was denied these medications [*Id*.]. And on June 5, 2024, Plaintiff had a massive heart attack [*Id*.]. The doctor told Plaintiff that not taking his medications is bad for his heart health, because he needs them to reduce his anxiety [*Id*. at 2]. So, Plaintiff continued to plead for his medications and file unsuccessful grievances and sick calls [*Id*. at 4]. Because Plaintiff does not have his medications, he experiences pain, anxiety, depression, and daily stress [*Id*.].

Aggrieved, Plaintiff filed the instant suit against Sullivan County, Head Nurse Christy Frazier, and Sheriff Jeff Cassidy [*Id*. at 3] seeking injunctive and monetary relief [*Id* at 5].

C.  **Analysis**

Plaintiff's allegations implicate the Eighth Amendment, which prohibits deliberate indifference to a prisoner's medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To demonstrate a violation of the Eighth Amendment regarding his medical care, Plaintiff must show a "sufficiently serious" need that the Defendants responded to with "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834, 842 (1994). A prisoner demonstrates deliberate indifference by showing "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Only acts or omissions that produce an "unnecessary and wanton infliction of pain" implicate the Eighth Amendment. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Thus, a prisoner cannot state a claim of deliberate indifference by suggesting that he was misdiagnosed or not treated in a manner he desired. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997) (finding "[m]isdiagnoses, negligence, and malpractice" are not "tantamount to deliberate indifference"). As the Supreme Court has explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976) (internal quotation marks omitted).

Here, Plaintiff complains that the Sullivan County Jail staff would not give him the specific medications he was taking at the time he was booked into the jail. But Plaintiff has no constitutional right to a particular medication. *See, e.g., United States ex rel. Hyde v. McGinnis*, 429 F.2d 864, 867–68 (2d Cir. 1970) ("The prisoner's right is to medical care—not the type or scope of medical care which he personally desires."); *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (finding that "inmates have no constitutional right to receive a particular or requested course of treatment, and prison doctors remain free to exercise independent medical judgment" (citation omitted)). Therefore, the mere fact that the Sullivan County Jail staff will not prescribe Plaintiff Seroquel and Wellbutrin fails to raise a constitutional claim.

And it is apparent that Plaintiff has received some medical/mental health care, as he states he was prescribed a different medication [Doc. 1 at 3]. He maintains that he refuses to take it because the medication "makes [him] feel crazy" [*Id.*]. But Plaintiff does not identify the medication or what it was prescribed to treat. Nor does he advance any facts about who prescribed that medication or whether he has informed medical staff that he is not taking the medication and why. Therefore, without more, the Court cannot find that any named Defendant knew of a serious risk to Plaintiff's health or safety and failed to take reasonable measures to abate that risk. Accordingly, Plaintiff's allegations fail to state a claim upon which relief may be granted.

Additionally, Plaintiff's complaint otherwise fails to state a claim against Defendants Frazier or Cassidy. First, there are no factual allegations against either of these Defendants in Plaintiff's complaint. And to state a claim against any individual Defendant, Plaintiff must adequately plead that the particular Defendant, through his or her own actions, has violated the Constitution. *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). Second, Plaintiff does not allege, nor can the Court presume, that either the Sheriff or the Head Nurse have the authority to prescribe or withdraw an inmate's medication. Therefore, Plaintiff has failed to state a claim against the individual Defendants.

However, the Court will **PERMIT** Plaintiff an opportunity to file an amended complaint that sets forth additional factual detail that may support a finding that one or more Defendants have acted with deliberate indifference to his serious medical/mental health needs. Therefore, if Plaintiff wishes to further pursue this action, he is **ORDERED** to file an amended complaint by **August 9, 2024**, with a short and plain statement of facts setting forth who allegedly violated his rights, what specific (in)action each Defendant took that violated his rights, how each Defendant knew that the (in)action posed a risk to Plaintiff, and how each Defendant disregarded the risk. The Clerk will be **DIRECTED** to mail Plaintiff a § 1983 form for this purpose.

Plaintiff is **NOTIFIED** that the Court will only address the merits of Plaintiff's claims that relate to his original complaint. Accordingly, Plaintiff **SHALL NOT** attempt to set forth in his amended complaint any additional claims that do not relate to his original complaint, and he is advised that any such claims will be **DISMISSED**. Further, Plaintiff is **NOTIFIED** that this amended complaint will be the sole operative complaint that the Court considers, and therefore, it

6

Case 2:24-cv-00118-JRG-CRW   Document 6   Filed 07/17/24   Page 6 of 8   PageID #: 31

**must** be complete in and of itself and must not refer to any previously filed allegations or pleadings.

Plaintiff is **NOTIFIED** that if he does not file an amended complaint by the deadline, the Court will **DISMISS** this action for failure to prosecute and comply with an order of the Court.

### III. CONCLUSION

For the reasons set forth above:

1. The Clerk is **DIRECTED** to update the docket to change Plaintiff's first name to "Dustin";

2. Plaintiff's application for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. Plaintiff's complaint fails to state a claim upon which relief may be granted, and it is **DISMISSED** without prejudice;

6. On or before August 9, 2024, Plaintiff must file an amended complaint in accordance with the directives above if he wishes to pursue this action. The Clerk is **DIRECTED** to send Plaintiff a § 1983 form for this purpose;

7. If Plaintiff fails to timely submit an amended complaint, this action will be dismissed for failure to state a claim and for failure to comply with an Order of the Court; and

8. Plaintiff must immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

So ordered.

ENTER:

                                                s/J. RONNIE GREER
                                    UNITED STATES DISTRICT JUDGE