UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| DUSTIN FRAZIER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 2:24-CV-00118-JRG-CRW |
| SULLIVAN COUNTY JAIL, UNKNOWN (PRIVATE INVESTOR), SULLIVAN COUNTY NURSE PRACTICTIONER, SULLIVAN COUNTY NURSES, and SULLIVAN COUNTY GUARDS, | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff's amended complaint [Doc. 7] is before the Court for screening in compliance with the Prison Litigation Reform Act ("PLRA"), *see* 28 U.S.C. § 1915(e) and 1915A, to determine whether it states a justiciable claim. For the reasons set forth below, the Court will **DISMISS** the amended complaint for failure to state a claim.

**I.  SCREENING STANDARD**

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must establish that a "person" acting "under color of" state law deprived him of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983.

## II. ALLEGATIONS OF AMENDED COMPLAINT

Plaintiff was booked into the Sullivan County Jail on February 1, 2024 [Doc. 7 at 3]. At booking, he told staff members that he needed his psychiatric medication—Wellbutrin and Seroquel [*Id.* at 3, 5]. "[A]fter several weeks[,]" Plaintiff was told to "fill out a sick call requesting" his medication [*Id.* at 3]. Plaintiff did so, and "the psych doctor" told Plaintiff that he could not have the medications he requested because they were highly abused drugs in the jail [*Id.* at 3–4]. Plaintiff told the doctor that he had never been charged with hoarding or abusing his medication [*Id.*]. Plaintiff then asked the doctor for a § 1983 form, which prompted the doctor to tell Officer Smith that Plaintiff was finished [*Id.*]. Officer Smith forced Plaintiff down the hall, threw Plaintiff into the cell, and threatened Plaintiff [*Id.*]. When Plaintiff spoke to another officer about the incident, she told Plaintiff that she did not care how Officer Smith treated Plaintiff [*Id.*].

After "several more months of begging" for his medications, Plaintiff had a massive heart attack [*Id.*]. The doctor treating Plaintiff told him that "stress and anxiety could have played a major role" in the heart attack and told the jail Plaintiff needed his medications [*Id.*]. But Plaintiff still has not received his medications [*Id.* at 4]. The nurse practitioner "treated [Plaintiff] very badly in [their] meeting" and told Plaintiff that he did not "look like" he needed psychiatric medications [*Id.* at 5]. Plaintiff endures high levels of stress daily because he is not on the proper medications [*Id.* at 5–6].

Aggrieved, Plaintiff filed his amended complaint against the Sullivan County Jail, an Unknown (Private Investor), the Sullivan County Nurse Practitioner, all Sullivan County nurses, and all Sullivan County guards seeking injunctive and monetary relief [*Id.* at 3, 6].

### III. ANALYSIS

By prior Memorandum Opinion and Order, the Court permitted Plaintiff "to file an amended complaint that sets forth additional factual detail that may support a finding that one or more Defendants have acted with deliberate indifference to his serious medical/mental health needs" [Doc. 6 at 6]. The Court also ordered that "Plaintiff **SHALL NOT** attempt to set forth in his amended complaint any additional claims that do not relate to his original complaint, and he is advised that any such claims will be **DISMISSED**" [*Id.* (emphasis in original)]. Plaintiff's original complaint did not contain any claim(s) relating to his treatment by Sullivan County guards, and any claims of mistreatment by the Sullivan County guards will be **DISMISSED**.

Plaintiff's remaining allegations implicate his Eighth Amendment right to adequate medical care, which is violated only if Defendants responded with "deliberate indifference" to Plaintiff's "sufficiently serious" needs. *Farmer v. Brennan*, 511 U.S. 825, 834, 842 (1994). A showing of deliberate indifference requires proof that each Defendant "subjectively perceived facts

from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk" by failing to take reasonable measures to abate it. *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (citing *Farmer*, 511 U.S. at 837).

But to state a claim against any individual Defendant, Plaintiff must adequately plead that the particular Defendant, through his or her own actions, has violated the Constitution. *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). Plaintiff's amended complaint sets forth no facts against any Sullivan County nurses, much less all of them. Accordingly, Defendant Sullivan County nurses will be **DISMISSED**.

Next, Plaintiff's amended complaint alleges only that an unidentified Sullivan County nurse practitioner "treated [him] very badly" and stated that he did not "look like" he needed psychiatric medications [Doc. 7 at 5]. But Plaintiff's constitutional rights are not violated simply because he was not treated with compassion; he must allege facts that would permit the inference the nurse practitioner treated him with deliberate indifference. And Plaintiff's allegations are not factually sufficient to permit such an inference. Accordingly, Plaintiff's claims against the Sullivan County Nurse Practitioner will be **DISMISSED**.

Plaintiff has also named "Unknown (Private Investor)" as a Defendant [Doc. 7 at 3]. It is not clear who or what this person/entity is, or what it/they have allegedly done wrong. Therefore, Plaintiff has not stated a viable claim against this Defendant, and it/they will be **DISMISSED**.

This leaves Defendant Sullivan County Jail [*Id.*]. But a jail is a building, not an entity subject to suit under § 1983. *Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail

4

facility named as a defendant was not an entity subject to suit under § 1983"). Accordingly, the Sullivan County Jail will be **DISMISSED**.

Sullivan County, however, is an entity subject to § 1983 liability, but only where a county policy or custom caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs"). Here, Plaintiff maintains that Sullivan County has a policy of prohibiting the particular medication that an outside physician prescribed Plaintiff and stated he needs given his heart condition [Doc. 7 at 4–5].

But Plaintiff's amended complaint omits any reference to any other medications Plaintiff was prescribed at the Sullivan County Jail. And it is clear from Plaintiff's initial complaint that he was prescribed alternative psychiatric medications at the Sullivan County Jail that he declined to take [*See, e.g.,* Doc. 1 at 3]. *See Pennsylvania R.R. Co. v. City of Giard*, 210 F.2d 437, 440 (6th Cir. 1954) (holding "pleadings withdrawn or superseded by amended pleadings are admissions against the pleader in the action in which they were filed"). Plaintiff's amended complaint fails to provide any factual detail as to who prescribed the alternative medications, whether Plaintiff made his noncompliance with the medications and the reason for it known, and, if so, whether any Sullivan County staff member failed to act to mitigate any risk to Plaintiff. He has alleged only that he was not prescribed the particular medications he was taking prior to his incarceration in the Sullivan County Jail. And, as the Court previously noted, Plaintiff has no constitutional right to medications of his choosing [*See* Doc. 6 at 5, citing *United States ex rel. Hyde v. McGinnis*, 429 F.2d 864, 867–68 (2d Cir. 1970) and *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)]. Therefore, Plaintiff has not alleged sufficient facts to allow the Court to plausibly infer that

Sullivan County has a policy or custom of failing to supply medicine necessary to meet inmates' needs. Accordingly, despite the Court having provided Plaintiff an opportunity to provide additional factual detail that might permit him to state a viable § 1983 claim against an identified Defendant, he has failed to do so. This action will be dismissed.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiff's complaint will be **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. Rule 24.

So ordered.

ENTER:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE